April 30, 1906.

————o————

No. 3805.

(Court of Appeal, Parish of Orleans.)

## ANNA E. HASTINGS, WIFE OF W. A. DUKE, vs. SUPREME LODGE KNIGHTS OF HONOR.

When the defense to a suit on a policy of insurance is self-destruction, the burden of proof is on the insurer to establish the suicide

and, when circumstantial evidence alone is relied on, the defense fails unless circumstances exclude with reasonable certainty any hypothesis of death by accident or by the act of another.

Appeal from Civil District Court, Division "B."

H. L. Lazarus, Hy, Renshaw and H. Michel, Plaintiffs and Appellees.

B. R. Forman, Defendant and Appellant.

DUFOUR, J. This action on a benefit certificate issued by defendant to plaintiff's half-brother and payable to her is resisted by the defendant on the ground that the insured committed suicide.

The law governing cases of this character is well settled in this jurisdiction to the effect that "when the defence to a suit on a policy of insurance is self-destruction, the burden of proof is on the insurer to establish the suicide and, when circumstantial evidence only is relied on, the defence fails, unless circumstances exclude with reasonable certainty any hypothesis of death or by the act of another."

1 Court of App. 93.

The deceased was found dead in his bed and on a table near by was a corked two-ounce bottle of carbolic acid, two-thirds empty.

An attempt was made to show that on the morning of his death Hastings had bought the acid at a neighboring drug store, but the drug clerk did not go beyond saying that a man whom he did not know and had never seen before or since had made the purchase.

Dr. Clark, who was called in the room after the occurrence, examined the body thoroughly, and saw no external marks on the face.

Mrs. Bradley, who lived in the house, detected no external signs of acid burning on the skin or the clothes, except a little red spot on the chin, after the undertaker had taken charge of the body and moved it downstairs.

The certificate of the coroner and a proof of loss made at

338

the instance of the local lodge, in both of which it is stated that the deceased had committed suicide, were both properly excluded by the trial judge as incompetent evidence.

In 50 An. 1183, the Supreme Court held that "the process verbal of the finding of a coroner's jury is competent evidence to show the fact of homicide having been committed, but the recitals of fact therein contained cannot go to the jury, they are objectionable as hearsay testimony."

In 43 Atlantic 866, it was held that, where a local lodge attached to its report to the Supreme Lodge the certificate of a coroner that the deceased had committed suicide, "in an action on the policy, that such certificate was not admissible, as it was neither part of the proof of death, nor was it a representation by plaintiff, but merely the expression of an opinion."

See also 51 Pac. 490, 71 Pac. 76.

The testimony of the acting coroner, based on the recollection of his investigation, is admissible and is before us.

He found the body of deceased lying in his bed but "noticed nothing unusual except the odor of carbolic acid and a slight burn at the corner of the mouth." He made no special examination and ascertained that carbolic acid was the cause of death "by smelling the mouth, from the odor."

He found inquest and autopsy unnecessary, and makes an attempt to explain why he reached the conclusion embodied in his certificates annexed to the bill of exceptions, that suicide was the cause of death. Carbolic acid, though a poison, is in general use in households for disinfecting and other cleaning purposes; its possession does not carry with it a presumption of suicidal intent.

As is well said by Justice Miller in 46 An. 1193, "It is human experience that the motive prompting self destruction is to be sought and usually found in domestic unhappiness, ill-health, financial trouble or insanity," and, if there are indications that point to suicide, there are other features not consistent with that theory."

Hastings is shown to have been in good health and of a jovial disposition and he had just been promoted in the police

department from an office of $65 per month to one of $100. Although he had grieved for a sister who died insane more than a year before, he was reconciled to her loss, and was on most affectionate terms with his half-sister, the present plaintiff.

There is no motive why any desire to destroy himself should have overcome Hastings's desire to live (105 La. 205) and, even assuming that carbolic acid was the cause of death, it is our deliberate conclusion that the proof does not reasonably exclude the hypothesis of death by accident.

Hence the defense fails.

Judgment affirmed.